IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARAH STEBBEDS,

      Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner of the Social Security
Administration,

      Defendant.[1]

OPINION and ORDER

23-cv-468-jdp

---

  Plaintiff Sarah Stebbeds seeks judicial review of a final decision of defendant Martin O'Malley, Commissioner of the Social Security Administration, finding that Stebbeds was not disabled within the meaning of the Social Security Act. Stebbeds's primary contention on appeal is that a nerve injury caused by a dog attack limits her ability to stand and walk, and the administrative law judge (ALJ) Brian Burgtorf did not adequately consider the opinions of two of Stebbeds's treating physicians who support her claim. The court concludes that the ALJ did not explain his decision enough to allow meaningful review, so the case will be remanded for further proceedings.

BACKGROUND

  Stebbeds applied for disability benefits, alleging disability beginning in January 2020. R. 19.[2] In a January 2023 decision, the ALJ found that Stebbeds suffered from the following

---

[1] The court has amended the caption to reflect Colvin's appointment as Acting Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 5.

severe impairments: left peroneal neuropathy, left foot drop, degenerative disc disease, post-traumatic stress disorder, anxiety, depression, obesity, and chronic fatigue. *Id*. Based on these impairments, the ALJ found that Stebbeds had the residual functional capacity (RFC) to do the following:

> [She can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand and/or walk for 2 hours in an 8-hour workday, and for every 30 minutes of sitting or standing, she will need to change position, while remaining on-task at the workstation. The claimant can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, or crawl. She can never work around hazards, such as unprotected heights or unguarded or unprotected moving machinery.

R. 22.[3] Relying on the testimony of a vocational expert, the ALJ found that Stebbeds was not disabled because she could perform jobs that are available in significant numbers in the national economy, such as printer, document preparer, and mounter. R. 30.

Stebbeds now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

---

[3] The ALJ also incorporated restrictions based on Stebbeds's mental health limitations, but those are not part of Stebbeds's appeal, so it is not necessary to consider them.

ANALYSIS

**A. Overview of the issues on appeal**

Stebbeds challenges the ALJ's handling of medical opinions addressing Stebbeds's physical limitations. The ALJ is required to explain how well supported each opinion is and how consistent it is with other evidence in the record. 20 C.F.R. § 404.920c(a); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

The ALJ discussed six medical opinions from physicians. Thomas Rishavy is a physician who performed reconstructive surgery on Stebbeds after a dog bit her lower left leg. In January 2020, Rishavy found that Stebbeds "cannot return to work." R. 1074. In June 2020, Rishavy found that Stebbeds could perform "[d]esk work, computer work, phone work, supervisory/managerial, paperwork," but she could not lift, push, or pull more than ten pounds. R. 811. The ALJ concluded that the January 2020 opinion was not persuasive, but that the June 2020 opinion was "largely persuasive," with the exception that the ALJ concluded that Stebbeds could lift and carry up to 20 pounds.

Richard Newcomb is a physician who treated Stebbeds's injury from her dog bite. In January 2021, Newcomb noted in his "assessment/plan" that Stebbeds "had told [him] that she needed to limit her work hours to 4–5 hour shifts, because she had leg pain and swelling and this was the maximum tolerance she had for hours when she was occasionally standing/walking." R. 855. He also stated that Stebbeds

> may continue to limit her lifting to 20 lb occasionally or less, should avoid climbing stairs steps and ladders, and to avoid working on slippery surfaces. I will state if seated work available, she may work full time. If occasional standing/walking she should limit shift to 4–5 hours.

3

*Id.* The ALJ concluded that the opinion was "partially persuasive," and he rejected the portion of the opinion that Stebbeds "would be incapable of sustaining the very limited range of light work described [in the RFC assessment] for a full eight hours." R. 28.

Joshua Meaike was Stebbeds's orthopedic surgeon. In May 2021, Meaike imposed the following restrictions from May to August 2021: "Patient should begin working 4 hour shifts for 2 weeks and if tolerating well th[e]n 6 hour shifts for 2 weeks and if tolerating well then 8 hour shifts." Meaike also limited Stebbeds to "[s]eated, desk work only" and a "5 lb weightlifting limit." R. 1412. The ALJ concluded that the opinion had "limited persuasive value" because it was "clearly intended" to be temporary. R. 28.

Pat Chan is a state-agency physician who conducted a review of the record. In June 2021, Chan found that Stebbeds could perform light work and could walk or stand six hours out of an eight-hour workday, with some limitations in climbing and balancing. R. 67. The ALJ concluded that Chan's opinion was not persuasive. R. 27.

Brian Wahlig was Stebbeds's treating physician, beginning in January 2021. In February 2022, Wahlig filled out a form called "practitioner's report on accident or industrial disease in lieu of testimony." R. 5531. In the box under the heading, "Date injured was or will be able to return to a limited type of work," Wahlig wrote, "3/31/21—sitting work only." In the box under the heading, "Date injured was or will be able to return to full time work subject only to permanent limitations," Wahlig wrote, "2/3/22—Has persistent ankle weakness. Limit work activities requiring significant walking or lifting. Desk work preferred." R. 5531. The ALJ concluded that the opinion was persuasive.

Ilonna Rimm is a state-agency physician who conducted a record review. In April 2022, Rimm found that Stebbeds could perform light work and could walk or stand six hours out of

an eight-hour workday, with limitations on climbing, balancing, stooping, kneeling, crouching, and crawling. R. 87. The ALJ concluded that Rimm's opinion was not persuasive. R. 27.

Stebbeds does not challenge the ALJ's handling of Rishavy, Meaike, Chan, or Rimm, so it is not necessary to consider those doctors' opinions. Stebbeds raises different objections to the ALJ's handling of Newcomb and Wahlig, and the court will address each objection in turn.

**B. Treating physician Newcomb**

Stebbeds says that the ALJ did not adequately explain his reasons for rejecting Newcomb's opinion that Stebbeds's leg pain prevented her from working more than four-or-five-hour shifts if the shifts involved "occasional" standing or walking. As Stebbeds points out, the ALJ devoted only one paragraph of his decision to Newcomb's opinion and only one sentence to explaining his rejection of that opinion: "Dr[.] Newcomb has a treating relationship with the claimant, but the opinion that the claimant would be incapable of sustaining the very limited range of light work described above for a full eight hours is not well supported by his clinical findings or consistent with the record as a whole." R. 28.

Stebbeds is correct that the ALJ's explanation is conclusory. But the court must read the ALJ's decision as a whole. *See Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021). In an earlier portion of the decision, the ALJ summarized the medical evidence and gave two reasons for why he did not believe that Stebbeds's dog-bite injury prevented her from working eight-hour shifts that required up to two hours of walking or standing. First, after Stebbeds had surgery on her lower leg, she experienced "improvement in active motion," including dorsiflexion. R. 25. Second, she temporarily returned to work as a hair stylist after her surgery. *Id.*

These reasons do not provide the requisite bridge connecting the evidence and the ALJ's conclusion. As for Stebbeds's improvement, the question is not simply whether Stebbeds improved, but whether she improved to the extent that allows her to work full time. *See Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014). The ALJ did not explain why he believed Stebbeds's improvement had reached that level.

As for Stebbeds's temporary return to work, the ALJ acknowledged that Stebbeds did not work more than four hours at a time. That is consistent with Newcomb's opinion that Stebbeds could work four-or-five-hour shifts that require walking and standing, so the ALJ should have explained why he believed that Newcomb's opinion was inconsistent with the record.

Even if the ALJ had adequately explained why he believed that Newcomb's opinion was inconsistent with the record, that is only half of the required analysis. The ALJ must also consider the extent to which Newcomb's opinion was supported. The ALJ stated in his one-paragraph of discussion of Newcomb that Newcomb's opinion was "not well supported by his clinical findings." But the ALJ did not discuss those clinical findings in his decision or otherwise explain why he believed Newcomb's opinion was not supported. The commissioner also ignores that problem in her brief.

"ALJs [must] provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court . . . to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024). In this case, the ALJ's explanation of his reasons for rejecting Newcomb's opinion do not allow for meaningful review, so the court must remand the case to allow the ALJ to reconsider Newcomb's opinion.

**C. Treating physician Wahlig**

Stebbeds contends that the ALJ erred by concluding that Wahlig's opinion was persuasive but then not incorporating the opinion into the RFC assessment or explaining why he declined to do so. Specifically, Stebbeds contends that Wahlig's opinion that Stebbeds must "[l]imit work activities requiring significant walking" is inconsistent with the ALJ's determination that Stebbeds could stand or walk for up to two hours during an eight-hour shift.

The ALJ did not identify any inconsistency between the RFC and Wahlig's opinion. The ALJ interpreted both the opinion and the RFC assessment to mean that Stebbeds "could perform mainly seated work." R. 28.

The problem is that Wahlig did not explain what he meant by the phrase "significant walking." As Stebbeds acknowledges, the ALJ's restriction is consistent with the agency's definition of a *sedentary* job, and each of the representative jobs identified by the vocational expert are classified as sedentary jobs. *See* Dkt. 11, at 15, 18. Sedentary jobs allow "occasional" walking and standing, and "occasionally" means up to two hours a day. *Poole v. Kijakazi*, 28 F.4th 792, 796 (7th Cir. 2022) (citing 20 C.F.R. § 404.1567 and S.S.R. 83–10, 1983 WL 31251 (Jan. 1, 1983)). So it appears that the ALJ views anything less than two hours of walking or standing as being insignificant. But Wahlig did not say that. And Wahlig's statement that Stebbeds should perform "sitting work only" suggests that he had a narrow view of what he meant by "significant."

The court is remanding the case on other grounds, so it is not necessary to determine whether the ALJ's interpretation of Wahlig's opinion would require a remand on its own. But clarification would be helpful. On remand, the ALJ should do one of two things: (1) allow

7

Stebbeds to supplement Wahlig's opinion with more specific restrictions on Stebbeds's walking and standing and then reconsider the opinion; or (2) explain why a supplement is unnecessary.[4]

CONCLUSION

The court will remand the case to allow the ALJ to reconsider the opinion of Richard Newcomb. The ALJ should also consider whether to allow Stebbeds to supplement the opinion of Brian Wahlig or explain why it is not necessary to do so.

ORDER

IT IS ORDERED that the decision of the commissioner is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

Entered December 18, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[4] The commissioner offers her own reasons for why she believes the ALJ would not have to credit Wahlig's opinion if the opinion is that Stebbeds cannot walk or stand two hours a day. Dkt. 16, at 8. But the ALJ did not rely on those reasons, so this court may not consider them. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010).